■ In the Matter of DAIJAH D., a Person Alleged to be a Juvenile Delinquent, Appellant. [927 NYS2d 342]—

We need not address the propriety of the challenged police conduct in questioning appellant after she walked away from a group of loud and disorderly teenagers as the police approached the group because the People failed to sustain their heavy burden of establishing that appellant's consent to a search of her purse was voluntary and that she waived her constitutional rights (see Bumper v North Carolina, 391 US 543, 550 [1968]; People v Gonzalez, 39 NY2d 122 [1976]).

Consent is "a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle" (Gonzalez, 39 NY2d at 128).

In assessing the voluntariness of consent, a court should consider: (1) whether the consent was given while the individ-

ual was in police custody, and how many officers were present; (2) the personal background of the consenter, including his or her age and prior experience with the law; (3) whether the consenter offered resistance; and (4) whether the police advised the consenter of his or her right to refuse consent (*id.* at 128-130). Applying these factors, we find that the People failed to prove that appellant's consent was "more likely to be the product of calculation than awe" (*id.* at 129).

Appellant is 14 years old, and no evidence was presented at the suppression hearing to demonstrate that she had prior experience with the law. Sergeant Burns testified that when he called to her from the unmarked car, she stopped and approached; thus she offered no resistence. He further testified that when he exited the car to question her on the city sidewalk at about 11:30 P.M., the three officers with him also exited the car. While Sergeant Burns knew Officer Merrick was located to his right, he did not see where the other two officers were, and thus was in no position to say exactly where they were or what they were doing. Nor is there any evidence that appellant was told she did not have to consent when Sergeant Burns asked if he could look in her purse. Under these particular circumstances, "the ineluctable inference, except to the jaded," is that appellant's consent, which in reality was her arguably equivocal act of handing her purse to Sergeant Burns, was not the product of a "free and unconstrained choice" (*Gonzalez*, 39 NY2d at 129; *People v Barreras*, 253 AD2d 369 [1998]). Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.